May it please the Court, Mr. Stretch, Mr. Osterhout, co-counsel. Your Honor, to begin, I want to state that our discussion in our briefing with respect to percentages, the degree to which the number of months that Judge Jensen deviated from the sentencing guideline range, was not meant to be a bright-line test. It's merely a way of presenting the degree to which increased scrutiny is required. For example, in Gall, the Eighth Circuit case on which the Supreme Court just took cert to replace Claiborne, the Court held that the further the removal from a presumptive guideline range, the more compelling the 3553A factors must be. Now, the Eighth Circuit is a presumption circuit, we're not, but I believe that the principle is the same, because under Cantrell, this Court has held that, one, we have agreed the district judge must adequately consult the guidelines, meaning a proper guideline calculation, and in this case, we have all agreed, 78 to 97 months was indeed a correct guideline calculation. You know, counsel, aside from percentages, if we assume for the moment. Certainly. I don't want you to concede it. If we assume for the moment that the judge properly considered, which I think he did there, properly considered, the fact that this guy sent people out to murder somebody else, right, that's what he did, he didn't, he wasn't convicted of the particular crime because he couldn't show that he was really going to pay these guys anything besides his smiling joy, if we assume that that's what happened, and the judge could consider the fact that he sent people out to murder another human being, 41 months doesn't sound like a very big hit for having done that. So how do we deal with that? We're not going to be talking about percentages, we're just going to think about, seriously about, well, how bad was it, et cetera, et cetera. Well, the problem, well, a couple of things, Your Honor, and first of all, most emphatically, we would not concede the factual, and for reasons I won't go into right this moment. But more importantly, what Judge Jensen failed to do was conduct a proper analysis of the, on what he relied. For example, what he, what the judge said was that his Booker duty was specifically to identify the basis for its, for the increase. But there, and for example, in the transcript he said, murder for hire is not part of the guideline calculation, but it is part of the relevant conduct as far as this Court is concerned. But under Mix, there must be a clear differentiation between the findings and conclusions as to the guideline calculations, and the findings and conclusions with respect to the 3553 factor, A factors. And the reason for that is to allow this Court to conduct a meaningful review of the district court's findings. And so the district court failed, and I think there's other case law which we can go into, which says that the calculation has to be tied to specific 3553, A factors. Does the, if we were satisfied that it, that it, it met the requirements of the 3553 factors, can we affirm, or does the judge, does the sentencing judge have to elucidate that and tie it? Well, I, I believe that, that if, if the Court were to, I just want to try to say this, I don't think the Court really can make a proper finding on this state of the record, because the Court did not identify how the 30, which of the 3553, A factors he was tying the 41-month increase to. And that's 41 months above the high end of the range. And he has to do that specifically in his review. Yes, Your Honor, because otherwise this Court can't determine, and we can't argue to this Court, whether or not that was a proper finding. And in addition, Your Honor, I think we have to talk a little bit about the evidentiary standard, because there's also law, and I apologize, and I'm not sure whether I'm allowed to mention these two cases, but there are two decisions in 2006 and 2007 that confirm that clear and convincing, a clear and convincing standard of evidence is required for facts that disproportionately impact the overall sentence. So that when we put these, sorry, when we put these all together, the district court failed to do that. And if, and we must keep in mind, the only evidence, there is only one small piece of evidence, totally uncorroborated, that ties Mr. Chong to the murder-for-hire plot, the kill-by-pay law process. I guess I don't understand this, because I thought there was quite a history to this case prior to this sentencing, wasn't there, in which there was an appeal from a conviction of murder-for-hire. That's correct, Your Honor. In which our court said, you're right, you caused the murder, but you didn't pay anybody for it, so therefore you shouldn't have been convicted of murder-for-hire. Is that essentially what happened? I don't think that that's quite what the court held. I think what the court held in dicta, in its unpublished opinion, was that if there – and I think it was totally unnecessary to the decision – that if the jury, that if the pecuniary element had been there, then there was enough other evidence which from which. That's correct. We said if that had been there, there was enough other evidence. Now, the district court now has that opinion, and our instruction, you are to resentence. Now, you're saying that the district court then has to go through all of the hoops and ignore that as if none of that had happened, if I understand your argument. That is correct, Your Honor, because the district court has an independent  Remember, this was the same jury that not only was instructed on the pecuniary element but failed to – and convicted even though it wasn't met, but this is the same jury that returned a verdict of guilty on the conspiracy to distribute heroin and the substantive heroin distribution counts, and again, Judge Jensen even found that the evidence there was so lacking in credibility that that was a wrong finding, and he granted a judgment of acquittal at the close of – after the close of all the evidence. Do you think you're going to get a lower sentence when this goes back? Yes, I do, Your Honor. Yes, I do, because, again, there's not clear and convincing evidence that Mr. Chong participated in this murder-for-hire scheme. There was one witness talked about a single conversation. There were two major cooperating witnesses, Kwong and Chow, both of whom were involved. Both of them then simply said, oh, well, everything we did, and they admittedly did a lot of stuff, was at the instruction of Peter Chong. With respect to the Baik Ming murder, there was one statement when Kwong testified, I complained to Peter about – about Baik Ming, and Peter said, if he's in the way, kicked him out. Chow, who was allegedly present according to Kwong, didn't even mention that in his testimony. Counsel, in the prior appeal, we said, quote, we conclude the evidence induced was sufficient to establish beyond a reasonable doubt, parentheses, I put, that Chong caused the murder-for-hire of Baik Ming. That's what we said. That's correct, but that's – That's precisely what we said. I understand that, Your Honor. The evidence is sufficient, which means it's caused beyond a reasonable doubt. Judge Jensen says, I think the proof is sufficient. I've considered it in terms of all liability. I think he could be convicted of an attempted murder under these circumstances. That's what he said. What do you want him to do? I think he be committed a – we've said beyond a reasonable doubt there's enough to convict him. He says, I think the same thing. Now, what's the standard of evidence that you're saying he should have applied? Clear and convincing, and that's less than beyond a reasonable doubt. But I still believe that the – that this Court, in its initial – So you want to retry the original case in the sentencing? No, Your Honor. Just – the other thing, I guess I'm sorry, I need to say is that assuming, just for the sake of argument, that he did have the right to make the increase, an increase, take that into account, what degree does he go to? And that's when he has to tie it to 3553A factors, and he didn't do that. And that's why we have to go send it back to get that straightened out so we can address that in this Court. You have used your time. Thank you, Your Honor. Thank you. We appreciate your argument. I have intended to do that. You don't have any time left. Okay. Thank you, Your Honor. Counsel, may it please the Court, good morning. Good morning. My name is Brian Stretch. I represent the United States in this appeal. The sentencing guidelines range applicable to the counsel convictions in this instance was insufficient to achieve the goals of sentencing. The defendant ordered the murder of a rival gang leader. That fact, that conduct by the defendant was not taken into account in specifically calculating the guidelines, and because of that, in order to achieve the goals of sentencing, including taking into account the nature and seriousness of the crime, the district court, the sentencing court factored that in to an appropriate sentence at 138 months. Notably, in this case, the defendant who was originally sentenced to 188 months got somewhat of a windfall coming back because of the reversal of the murder for hire. But the sentencing court, looking at that and following the dictates of 3553, imposed a sentence that was sufficient but not necessarily greater than was mandated to achieve the sentencing goals. And if I can just resume. You said, you know, pursuant to 3553, as some of the argument by your opponent went to the fact that the increase wasn't tied to any 3553 factors. Do you have any comment on that? And if I can address that, the Court, both in the sentencing memorandum and certainly at the argument for the resentencing, invited argument with respect to the 3553 factors. He specifically did tether the murder for hire and that conduct to the seriousness of the offense. And at page 50, lines 10 to 13, the Court said that this is a serious, serious offense. And I think that my sentence has to bear in mind that there should be a proportion between the sentence that's imposed and the nature of the offense. And the nature of the offense is one that specified 3553A factors that the Court should consider. So in that instance, the sentencing Court really did tether it to one of the specific factors. And weighing that against certainly all the mitigating factors that were presented by the defendant, certainly the Court weighed all that, evaluating and doing its duty under 3553 to consider all the factors, did so, and came out with this sentence of 138 months. The Court, I assume the factual underpinning of the Court's determination was the evidence produced at trial. Is that what it is? It is, Your Honor. This is the sentencing Court had. It's a sentencing Court that had lived with this case for some 14 years of litigation and had been through three trials and 20 different defendants and sat through the trial in which the defendant testified and listened to the witnesses. And certainly it's that evidence that the Court was present for that he could have relied upon when he said, I believe Mr. Chong could be convicted of attempted murder, necessarily meaning that the sentencing Court felt that beyond a reasonable doubt he had committed this offense. And one of the things we would look at here is asking this Court to review this sentence, which certainly is above the guidelines, but 50 months less than what he originally received for reasonableness. And you certainly still, it's the government's position in this case, as it has been in others, that the greater the deviation from the range, the greater scrutiny that this Court may want to apply to reviewing the sentence. And whether this Court views this as a great deviation or not so great a deviation, it's certainly the government's viewpoint that on these facts and on this conduct that it was certainly reasonable for the sentencing Court to issue to impose the sentence that it did. I'm certainly happy to entertain any questions that the Court may have. Don't appear to be in. Thank you. Thank you very much. The case just argued is submitted for decision. We'll hear the next case, which is McCormick v. Farwell.
judges: Schroeder, Canby, Fernandez